# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORKY TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-370-JPG-PMF |
| ) | |
| NATHAN MAUE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. No. 51). Corky Terry is proceeding on civil rights claims pursuant to 42 U.S.C. § 1983. He challenges the conditions he experienced at Menard Correctional Center in 2008 and 2009, alleging that defendant Nathan Maue used excessive force (Count 1), that defendants Major Maue and Nathan Maue failed to provide access to medical treatment (Count 2), that Nathan Maue and Major Maue engaged in a conspiracy (Count 3), and that defendants Donald Hulick, Jeanette Cowan, and Roger Walker retaliated for his protected conduct of writing grievances (Count 5). The motion is opposed (Doc. No. 47, pp. 3-5).

In order to establish that he is entitled to a temporary restraining order or preliminary injunction, Terry must show that he has some likelihood of success on the merits of his claims, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

In his motion, Terry describes possible witness intimidation. He maintains that seven inmates observed the incident of April 1, 2008, which forms the basis of his excessive use of force claim against defendant Nathan Maue (Count 1). One of those inmates is John Velez. Terry spoke with Velez in August, 2011. At that time, Velez made comments suggesting to Terry that a correctional officer (Prestwood) made intimidating remarks to Velez while showing him family photographs. Terry speculates that Prestwood, a non-party, was acting on behalf of the defendants. His suspicions deepened when someone thwarted his effort to raise his concerns through the prison's grievance procedure. As relief, Terry seeks an order directing prison officials to transfer him to Stateville Correctional Center and temporarily house the following inmates (deemed potential witnesses) at a correctional facility other than Menard Correctional Center: Kevin Cobbs, Eddie Hill, Ernesto Ojeda, Oscar Patton, Jack Hall, Daniel Danao, and John Velez.

In response, the defendants suggest that part of Terry's request is moot following his transfer to Stateville. They further argue that Terry has not shown a likelihood of success on the merits of his claims, has not shown that he lacks an adequate remedy at law and has not shown that he will suffer irreparable harm if the inmate witnesses remain at Menard. Also, the defendants maintain that the circumstances do not justify a blanket transfer of the individuals listed as witnesses, all of whom are maximum security prisoners convicted of murder.

At this time, there is insufficient information supporting a temporary restraining order or preliminary injunction. The materials on file suggest that Maue used a degree of force on April 1, 2008, after Terry repeatedly refused orders to "lock up" in his cell. While Terry believes the force used was excessive under the circumstances, there is little information suggesting that the circumstances (such as the need for force, the amount of force used, and the extent of injury

suffered) would show that Maue applied force maliciously and sadistically for the very purpose of causing harm. *See Hudson v. McMillian*, 501 U.S. 1 (1992). Terry's own materials indicate that the prison's internal affairs division investigated Terry's claim and could not verify that Maue used to much force to gain Terry's compliance with the order to lock up. Additionally, the remarks attributed to John Velez are not particularly helpful. It is difficult to gauge the truthfulness of Velez's comments without his declaration or sworn testimony. Also, there is no reason to make a sinister connection between comments attributed to Mr. Prestwood and these defendants. There is little reason to believe that the other inmate witnesses listed in Terry's motion actually face a risk of intimidation. Even if one of Terry's six witnesses has been intimidated and refuses to provide an affidavit, this would not prevent Terry from presenting his own testimony regarding the events of April 1, 2008, or offering other supporting evidence. Also, as noted above, Terry is no longer confined at Menard. He has been transferred to Stateville. According to public records maintained by the Illinois Department of Corrections, inmate John Velez is no longer confined at Menard. Finally, it does not appear that any of the defendants are in a position to transfer inmates to different prisons. Weighing all of these factors, a temporary restraining order or preliminary injunction is not warranted.

IT IS RECOMMENDED that Corky Terry's motion for a temporary restraining order or preliminary injunction (Doc. No. 51) be DENIED.

**SUBMITTED:  February 15, 2012  .**

      **S/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**