# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CORKY TERRY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 10-cv-370-JPG-PMF |
| NATHAN MAUE, et al., | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion seeking partial summary judgment (Doc. No. 44). In this § 1983 action, plaintiff Corky Terry challenges the conditions of his former confinement at Menard Correctional Center. Count 4 and Count 5(a) have been resolved. The following Counts remain:

- Count 1: against Nathan Maue for excessive use of force
- Count 2: against Nathan Maue and Major Maue for deliberate indifference to serious medical needs
- Count 3: against Nathan Maue and Major Maue for conspiracy
- Count 5(b): against Donald Hulick, Jeanette Cowan, and Roger E. Walker for retaliation

The defendants target the conspiracy (Count 3) and retaliation (Count 5(b)) claims. The motion is opposed (Doc. No. 61).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). However, the party opposing the motion may not rely on "mere allegation or denials of [the] pleading,"*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986)*,* but instead must present genuine, admissible evidence that shows a factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). Summary judgment is warranted when a plaintiff is unable to establish the existence of an element essential to his case on which he will bear the burden of proof at trial. *Id*.

## I. Status of Discovery

In his response to the motion for summary judgment, Terry describes problems flowing from his status as a pro se incarcerated litigant. He suggests that the defense motion should be denied due to insufficient opportunities to collect information and exchange discovery (Doc. No. 61-1, pp. 6-9).

When a litigant shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition to a motion for summary judgment, the Court may defer consideration of the motion. deny the motion, allow time for the litigant to obtain affidavits or declarations, allow time to take discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d).

The events at issue occurred in 2008, and this litigation has been pending for almost two years. Terry's status as a pro se inmate was taken into consideration when the Court established a generous discovery schedule (Doc. Nos. 27, 42). The parties have engaged in discovery. While defendant Walker died during the course of the litigation, his death has not interfered with efforts to locate relevant information. Also, the Court is not persuaded that additional time will lead to the discovery of admissible evidence. Specifically, there is no reason to expect that potential inmate witnesses will have better memories or more personal knowledge than the litigants. For these reasons, the Court will consider arguments supporting the motion for partial summary judgment.

## II. Count 3 – Civil Conspiracy

Defendants Nathan Maue and Major Thomas Maue seek judgment in their favor on Terry's civil conspiracy claim on the basis that Terry has no evidence supporting this claim. Count 3 is based on allegations that, after Nathan Maue used force against Terry on April 1, 2008, both defendants conspired to restrict Terry's access to the health care unit. It is alleged that they carried out their plot by rejecting Terry's outgoing mail (Doc. No. 1, p. 8).

In order to establish a prima facie case of civil conspiracy, Terry must show (1) an express or implied agreement among defendants to deprive him of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Washington v. Amatore*, 781 F.Supp.2d 718, 720 (N.D.Ill. 2011). Plaintiff must come forward with proof that the defendants "directed themselves toward an unconstitutional action by virtue of a mutual understanding, and that they had a meeting of the minds." *Id*.

At the close of discovery, Terry was deposed regarding his conspiracy claim. He testified that he suspects that items of outgoing personal mail were not delivered to the addressees due to interference. He acknowledged that he had no evidence beyond his personal suspicion that Nathan Maue and Major Thomas Maue entered into a conspiracy and interfered with his mail (Doc. No. 45-1, pp. 10-12).

Terry opposes the request for summary judgment by suggesting that he had no knowledge of evidence supporting Count 3 at the time he was deposed. He claims that he now has evidence that will show that defendants Nathan Maue and Major Maue agreed to conceal Nathan Maue's use of force and that they furthered their conspiracy by performing certain overt acts (using threats to intimidate potential witnesses, destroying letters) and by failing to take certain other steps (not

changing Terry's housing assignment, not writing an incident report, not obtaining medical attention for Terry's injuries, not conducting an investigation)(Doc. No. 61).

Terry's response does not demonstrate the existence of a factual dispute because his assertions are just that: assertions. Terry has not supported his perception of events with evidence that would be admissible at trial. In other words, the materials submitted do not permit an inference that these defendants agreed to limit Terry's access to the health care unit or acted in concert to reject Terry's outgoing mail. Defendants Nathan Maue and Major Maue are entitled to judgment in their favor on Count 3.

### III.  Count 5(b) – Retaliation

Defendants Donald Hulick, Roger Walker, and Jeanette Cowan seek judgment in their favor on Terry's retaliation claim on the basis that Terry has no evidence supporting this claim. Terry alleges retaliation in the form of punishment for sending written complaints to the warden (Doc. No. 1, pp. 10-13). To prove retaliation, Terry must show that a protected activity was at least a factor motivating the adverse action taken against him. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). If Terry shows that these defendants acted with retaliatory animus, the burden shifts to the defendants to prove that the same events would have occurred in the absence of the protected conduct. *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004).

When Terry was deposed, he acknowledged that he had no evidence beyond his personal suspicion that conduct attributed to Hulick, Cowan, and Walker was retaliatory (Doc. No. 45-1, p. 14). In response to the motion, Terry suggests that he can now show that Hulick placed him in segregation, that Cowan denied his grievance, that Walker reduced but did not expunge the disciplinary charges, and that the efforts made to evaluate and resolve his concerns were procedurally

deficient. Terry has not supported Count 5(b) with admissible evidence that would reasonably permit an inference that any of this conduct was motivated by a desire to retaliate for protected conduct. Defendants Hulick, Cowan, and Walker are entitled to judgment in their favor on Count 5(b).

## IV. Conclusion

IT IS RECOMMENDED that defendants' motion for partial summary judgment (Doc. No. 44) be GRANTED. At the conclusion of this litigation, judgment should enter (1) against Terry and in favor of Nathan Maue and Major Maue on Count 3, and (2) against Terry and in favor of Jeanette Cowan, Donald Hulick, and Roger Walker on Count 5(b). If this recommendation is adopted, Counts 1 and 2 will remain for trial.

**SUBMITTED:  May 10, 2012  .**

  S/Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**